## BARNETT v. GOVERNMENT OF CANAL ZONE.

Circuit Court of Appeals, Fifth Circuit. April 13, 1928.

No. 5102.

Criminal law ⬅511(1)—Corroboration of accomplice testimony merely showing commission of offense held insufficient (Canal Zone Laws 1904–05, p. 188, § 197).

Under Canal Zone Laws 1904–05, p. 188, § 197, corroboration of accomplice testimony merely showing commission of offense charged *held,* insufficient to sustain conviction.

In Error to the District Court of the United States for the Canal Zone; Guy H. Martin, Judge.

Benjamin Barnett was convicted of conspiracy to steal a quantity of paint from ship stores, and he brings error. Reversed and remanded.

William C. Todd, of Cristobal, Canal Zone, for plaintiff in error.

Charles J. Riley, U. S. Atty., of St. Louis, Mo. (J. J. McGuigan, Asst. U. S. Atty., of Ancon, Canal Zone, on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Barnett was convicted of conspiracy to steal a quantity of paint that was a part of the stores of a ship at Cristobal, Canal Zone.

A number of the ship's crew were included in the indictment, and some of them took the stand, admitted their own guilt, and testified that they stole the paint under an agreement that Barnett would buy it from them. Their testimony was not corroborated by any other witness or by any circumstance.

Barnett denied that he had participated in the larceny, and claimed that he bought the paint after it had been taken from the ship and brought to his store.

Under the laws of the Canal Zone, a conviction cannot be had on the uncorroborated testimony of an accomplice, and corroboration is not sufficient which merely shows commission of the offense charged. Laws of the Canal Zone (Laws 1904–05, p. 188), § 197. As the testimony of the accomplices was uncorroborated, it follows that Barnett's conviction is not supported by competent evidence.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.